■ MORRIS WOLF et al., Individually and Doing Business as WOLF & BURRELL, Appellants, v. JOHN C. DOYLE et al., Respondents.— Order denying a motion for an examination before trial unanimously reversed on the facts and the law and in the exercise of discretion, and the motion is granted, with costs to the appellants. The action is for professional services rendered in a matrimonial matter, in which the plaintiffs represented Mrs. Doyle and the witness represented Mr. Doyle. The complaint alleges that the husband agreed to pay the plaintiffs' fees. From the papers it appears that the plaintiffs never personally met with the husband but conducted all negotiations for the payment of their fees with the attorney sought to be examined. Upon these facts there is a sufficient showing of special circumstances to permit examination of an attorney employed by an adverse party (*Matter of Gottfried* v. *Gottfried Baking Co.*, 4 A D 2d 1031). If any privilege is claimed, it may be asserted on the examination. (*Blum Paper Box Co.* v. *Kalner*, 277 App. Div. 760.) Settle order fixing date for examination to proceed. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ JEROME J. COIN, Respondent, v. ABRAHAM LEBENKOFF, Appellant.— Order denying motion of defendant-appellant to preclude unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to the defendant-appellant, and the motion granted, with $10 costs, unless plaintiff-respondent supplies a sufficient bill of particulars in compliance with the demand within 20 days of the entry of the order herein and service thereof. In the absence of a timely motion to vacate or modify a demand for a bill of particulars, the items will not be scrutinized and an order of preclusion will be granted unless the demand is palpably improper (Rules Civ. Prac., rule 115; *Tomasino* v. *Prudential Westchester Corp.*, 1 A D 2d 781; cf. *Universal Metal Prods. Co.* v. *De-Mornay Budd*, 275 App. Div. 575, in which it was observed that the court might exercise its discretion to deny the motion to preclude, and did so on finding the demand " elaborate and oppressive". Tripp, A Guide to Motion Practice [rev. ed.], § 48). Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO VALENTIN Alias ANTONIO VALENTINO, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MILLER, Appellant.— Judgment affirmed. Concur — Rabin, M. M. Frank and Stevens, JJ.; Breitel, J. P. and McNally, J., dissent and vote to reverse and dismiss the information on the ground that the People have failed to establish the guilt of the defendant beyond a reasonable doubt.

■ AGNES CASTELLUCCIO, Individually and as Administratrix of the Estate of CARMELO CASTELLUCCIO, Deceased, Appellant, v. TRANSPORTATION VEHICLES, INC., Respondent, et al., Defendants. — Appeal from order of April 14, 1958 dismissed, as moot, the said order having been reviewed on the appeal from judgment of May 8, 1958, decided simultaneously herewith. (See *Castelluccio* v. *Transportation Vehicles*, 10 A D 2d 916.) Concur — Breitel, J. P., Rabin. M. M. Frank, McNally and Stevens, JJ.