PEDRO RIOS, Respondent, v. DONALD F. DONOVAN et al., Appellants.

DONALD F. DONOVAN et al., Third-Party Plaintiffs-Appellants, v. CARMELLO T. ANDOLINA, Third-Party Defendant. (Action No. 1.)

PEDRO RIOS, Respondent, v. CARMELLO T. ANDOLINA, Defendant. (Action No. 2.)

First Department, June 16, 1964.

*Edward Ash* of counsel (*William N. Mairs, Jr.,* with him on the brief; *Alexander, Ash & Schwartz,* attorneys), for Donald F. Donovan and another, appellants.

*Austin W. Erwin* for John A. Donovan, appellant.

*Benjamin Ira Gertz* (*Martin, Clearwater & Bell,* attorneys), for Carmello T. Andolina, defendant.

*David Hirschhorn* for Pedro Rios, respondent.

VALENTE, J. The appellants herein — as permitted by 3122 Civil Practice Law and Rules — moved for, but were denied, a protective order under 3103 Civil Practice Law and Rules vacating items 9 and 10 of a notice of discovery and inspection sought under 3120 Civil Practice Law and Rules. For the reasons hereinafter indicated, the order denying the vacatur of these items should be reversed.

The action is for substantial damages for personal injuries sustained by plaintiff on June 22, 1960, his first day of employment on a farm in Livingston County, New York. He alleges that he fell from the rear of a truck used in harvesting a crop of peas when one of the defendants started it without warning; and that, as a consequence, his neck was broken, and he became paralyzed in his arms and legs (quadraplegia).

The two items involved upon this appeal as set forth in the notice read:

" 9. All statements, reports or other writings obtained from persons who claim they possess knowledge and information concerning plaintiff's accident on June 22, 1960, obtained prior to the commencement of this law suit by defendants or their agents.

" 10. Names and addresses of each person present in the fields of John Donovan, Mt. Morris, New York for and including the day of June 22, 1960; names and addresses of those persons who have given written or oral statements to defendants or their counsel stating that they have knowledge and information concerning the incident or surrounding circumstances."

In the briefs before this court, the parties have argued the availability of 3120 Civil Practice Law and Rules to obtain statements of witnesses in the possession or control of an adverse party. As indicated hereinafter no definitive ruling can be made upon that perennially thorny problem in the present state of the record. Plaintiff's right to relief will have to be deferred until plaintiff is in a position to designate specifically the documents sought to be discovered.

The disclosure provisions of article 31 of the Civil Practice Law and Rules were intended to enlarge the permissible use of pretrial procedure. The purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits. Apart from the express provision of Civil Practice Law and Rules 104 that the Civil Practice Law and Rules " shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding ", the courts would in any event construe the new statute broadly to effectuate its purpose.

Subdivision (a) of 3101 Civil Practice Law and Rules provides that " There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ". However, subdivision (b) of 3101 states that privileged matter shall not be obtainable upon objection of a party, and subdivision (c) excludes from disclosure " The work product of an attorney ". Moreover,

under subdivision (d) " any writing or anything created by or for a party or his agent in preparation for litigation " is not obtainable by disclosure unless the court finds that " withholding it will result in injustice or undue hardship ".

The problem of discovery of statements of witnesses under any of the provisions of article 31 of the Civil Practice Law and Rules is thus circumscribed by the exceptions in 3101 Civil Practice Law and Rules regarding privileged matter and the work product of an attorney. Before the enactment of the Civil Practice Law and Rules, this court, in *Beyer* v. *Keller* (11 A D 2d 426) upon an application for discovery pursuant to section 324 of the Civil Practice Act, now 3120 Civil Practice Law and Rules, permitted the plaintiff to inspect a statement given — to a representative of an insurance carrier two days after the accident — by the mother of an injured infant. This extended the ruling in *Totoritus* v. *Stefan* (6 A D 2d 123) which allowed the inspection of a statement made by a party to his adversary. Under subdivision (e) of 3101 Civil Practice Law and Rules it is now specifically provided that a party may obtain a copy of his own statement in the possession of an adversary. In keeping with this section, *Briggs* v. *Spencerport Road Plaza* (19 A D 2d 943 [4th Dept.]) allowed a discovery and inspection by defendant of a statement made by one of its employees to plaintiff, holding that if a party is entitled to receive a statement given to its adversary, there was no reason why it could not obtain a statement given by one of its employees.

In *Bloom* v. *New York City Tr. Auth.* (20 A D 2d 687) this court permitted discovery and inspection of accident reports obtained prior to the institution of suit, and not made in preparation for trial, and of the reports of the accident prepared by the engineer and conductor of defendant shortly after the accident. (See, also, *McGarry* v. *New York City Tr. Auth.*, 20 A D 2d 683.)

Discovery is not the sole method of obtaining disclosure. Subdivision (a) of 3102 Civil Practice Law and Rules also makes provision for depositions upon oral questions and upon written questions without the State; demands for addresses; discovery and inspection of documents or property; physical and mental examinations; and requests for admission. Under 3111 Civil Practice Law and Rules, the notice or subpœna may require the production of books, papers and other things in the possession, custody or control of the person to be examined to be marked as exhibits, and used on the examination.

Thus the method of obtaining disclosure by discovery and inspection under CPLR 3120 is to be distinguished from the limited discovery under CPLR 3111 in the course of taking a deposition. CPLR 3120 permits the discovery of specified papers and documents, and its hallmark is a specific designation in the notice. CPLR 3120 (subd. 1) provides that after the commencement of an action any party may serve on any other party a notice " to produce and permit the party seeking discovery  *  *  *  to inspect, copy, test or photograph any specifically designated documents or any things which are in the possession, custody or control of the party served, specified with reasonable particularity in the notice ". CPLR 3120 is based on New Jersey rule 4:24-1, which is patterned after rule 34 of the Federal Rules of Civil Procedure, except that it permits discovery on notice rather than upon an order (First Preliminary Report, Advisory Comm. on Practice, N. Y. Legis. Doc., 1957, No. 6[b], p. 152). To prevent the service of conventionalized " ' blunderbuss ' " notices, the rule requires " specifically designated " documents " ' specified with reasonable particularity in the notice ' ". (Sixth Preliminary Report, Advisory Comm. on Practice, N. Y. Legis. Doc., 1962, No. 8, p. 321.) Thus, to help reduce fishing expeditions, the documents and other things to be examined must be specifically identified. (McKinney's Cons. Laws of N. Y., Book 7B, CPLR, rule 3120, Notes p. 258.)

In *Public Administrator* v. *Rogers* (26 F. R. D. 118 [S. D. N. Y., 1960]) in interpreting Federal rule 34, the court pointed out that there may not be a free examination of an opponent's file, and would not permit a discovery and inspection without itemization of the documents sought. The suggestion was there made that by proper use of the deposition procedure, a party can ascertain what documents the adversary had and then he could have some basis for a discovery of specific documents.

When confronted with a notice for the discovery of specific documents, a court should then be in a position to determine whether discovery should be allowed. Only then, for example, can a proper determination be made as to whether items sought constitute the work product of an attorney. While the policy of the Civil Practice Law and Rules is to broaden disclosure procedures, discovery should not be permitted to substitute for independent investigation of facts which are equally available to both parties. The Federal courts deny the production of statements of witnesses where the witnesses are themselves

available for oral examination. (*Tandy & Allen Constr. Co. v. Peerless Cas. Co.*, 20 F. R. D. 223 [S. D. N. Y., 1957]; *Cleary Bros.* v. *Christie Scow Corp.*, 176 F. 2d 370 [C. A. 2d, 1949].)

Thus, proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated.

We do not suggest that under the Civil Practice Law and Rules discovery and inspection can be obtained only after the taking of oral or written depositions. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.22.) But, under the circumstances of the instant case, such procedure becomes a prerequisite in order properly to identify documents in the possession and control of an adverse party.

Item 9 of the notice to discover in the instant case obviously does not comply with the requirements of subdivision 1 of 3120 Civil Practice Law and Rules as to specificity of the matter sought to be discovered and inspected. Consequently, the motion to strike it from the notice should have been granted, without prejudice to the service of an appropriate notice at such time as plaintiff, after using other disclosure procedures, is able to specify with reasonable particularity the matter sought to be discovered and inspected.

As to item 10 — the inquiry regarding the names of witnesses — it should be pointed out that until recently, under the Civil Practice Act, it was held that a party would not be required to disclose the names of witnesses as distinct from an inquiry into the facts. (*Kosiur* v. *Standard-North Buffalo Foundries*, 255 App. Div. 930; *Gavin* v. *New York Contr. Co.*, 122 App. Div. 643; *Martyn* v. *Braun*, 270 App. Div. 768.) However, there was a trend toward relaxing that rule where identity of witnesses of the event itself was sought in the course of an examination before trial. (*Pistana* v. *Pangburn*, 2 A D 2d 643; see, also, *McMahon* v. *Hayes-73rd Corp.*, 197 Misc. 318.) (As to the effect of the Civil Practice Law and Rules on this question, see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.11. For treatment under the Federal rules, see *B. & S. Drilling Co.* v. *Halliburton Oil Well Cementing Co.*, 24 F. R. D. 1 [S. D. Texas, 1959]; *Klop* v. *United Fruit Co.*, 18 F. R. D. 310 [S. D. N. Y., 1955].) In any event, the proper procedure would be to make inquiry as to the persons present at the time of the accident during the course of taking the oral depositions of the party or a witness pursuant to 3107 Civil Practice Law

and Rules, as to the event itself rather than the method adopted by plaintiff herein in seeking a discovery of such information.

The order should be modified accordingly, without costs to appellants, to the extent of striking items 9 and 10 from the notice to discover, without prejudice to the service of an appropriate notice, should one become necessary, specifying with reasonable particularity the matter sought to be discovered and inspected.

BOTEIN, P. J., McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on November 8, 1963, unanimously modified to the extent of striking items 9 and 10 from the notice to discover, without prejudice to the service of an appropriate notice, should one become necessary, specifying with reasonable particularity the matter sought to be discovered and inspected.