■ KAYE L. WOOD et al., Respondents, v SARDI'S RESTAURANT CORPORATION, Appellant.—Order, Supreme Court, New York County, entered Sep-

tember 30, 1974, granting plaintiffs' motion to strike defendant's answer for failure to comply with plaintiffs' notice of discovery and inspection unless defendant provided the material sought in said notice within 15 days of publication of said order and denying defendant's cross motion for a protective order vacating plaintiffs' notice of discovery and inspection, unanimously reversed, on the law and in the exercise of discretion, without costs and disbursements, and plaintiffs' motion denied and defendant's cross motion granted, without prejudice to the service of an appropriate notice, should one become necessary, specifying with reasonable particularity the matter sought to be discovered and inspected. Plaintiffs, husband and wife, seek to recover for personal injuries and loss of services sustained as a consequence of alleged negligence on the part of defendant's employee in spilling scalding liquid and dishes on plaintiff wife, a patron, at defendant's premises on June 29, 1967. Plaintiffs served a notice of discovery and inspection dated July 10, 1974 seeking production of the following: "1. Any and all medical records or bills of KAYE L. WOOD [plaintiff wife] submitted pertaining to the injuries or treatment rendered to said KAYE L. WOOD in connection with her accident on June 29, 1967 at defendant's restaurant. 2. Copy of any statements taken from any person regarding the facts and circumstances surrounding the aforesaid occurrence. 3. Copy of any and all accident reports, incident reports or reports of occurrence of any kind made by defendant, its servants, agents and/or employees, or any other person about the facts and circumstances of said occurrence". In the absence of a timely motion for a protective order vacating plaintiffs' notice of discovery and inspection, the items of said notice will not be scrutinized unless the notice is palpably improper (See *Coin v Lebenkoff,* 10 AD2d 916). The notice herein *is* palpably improper. Item 1 of said notice seeks medical records or bills which appear to be protected in the present state of the record as not being made in the ordinary course of business, but being created by or for a party in preparation for litigation. Of critical significance is the fact that on this record plaintiffs have totally failed to designate specifically the records, statements and reports sought to be discovered. It has been aptly observed that "the method of obtaining disclosure by discovery and inspection under CPLR 3120 is to be distinguished from the limited discovery under CPLR 3111 in the course of taking a deposition. CPLR 3120 permits the discovery of specified papers and documents, and its hallmark is a specific designation in the notice * * * Thus, proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated" *(Rios v Donovan,* 21 AD2d 409, 413–414). In view of the foregoing analysis, the oral application made by defendant at the submission of this appeal is denied. Concur—Kupferman, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.