■    HENRY KING, Plaintiff, v FREDERICK A. MORRIS, Respondent, and GENERAL MOTORS CORPORATION et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered on October 29, 1976, to the extent appealed from, unanimously reversed, on the law, the facts and in the exercise of discretion and motion for a protective order granted with respect to Items Nos. 3, 7, 8 and 9 of defendant-respondent's notice for discovery and inspection, without costs and without disbursements and without prejudice to the service of a proper, further demand upon the completion of pretrial procedures herein. Items 3, 7, 8 and 9, even as modified by Special Term, are overly broad in scope. "CPLR 3120 permits the discovery of specified papers and documents, and its hallmark is a specific designation in the notice." (Rios v Donovan, 21 AD2d 409, 413.) As indicated in the cited case, lacking knowledge of the existence of specific documents, the party seeking discovery and inspection pursuant to CPLR 3120, should initially make proper use of the deposition and related procedures provided for in the CPLR in order to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice. We held in Rios (p 414) that: "proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated." Concur—Murphy, P. J., Birns, Capozzoli and Lane, JJ.