■ JERROLD K-H SALES CORPORATION, Respondent, v WALTER KIDDE & COMPANY, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered August 4, 1977, granting plaintiff's motion for a protective order awarding it priority of examination, unanimously affirmed, without costs and without disbursements. Plaintiff Jerrold, the prime tenant, seeks to recover damages to the demised premises that allegedly occurred during the subtenancy of the appellants, the Kidde defendants. This action was commenced in December of 1976. On February 18, 1977, plaintiff served a notice to take appellant's depositions. Plaintiff also served a notice of discovery and inspection. Appellants immediately moved for a protective order vacating the notice of discovery and inspection because it was too broad and oppressive. Appellants' counsel concedes that, at the time he sought the protective order vacating the notice of discovery and inspection, he was informed by plaintiff's counsel that the previously noticed depositions of the appellants would be adjourned until the court had ruled on that protective order. On June 20, 1977, that protective order was granted without prejudice to plaintiff's right to renew upon a proper notice. On June 30, 1977, the appellants served a copy of the order granting that protective order together with a notice to examine the plaintiff. Plaintiff then moved for this protective order to reaffirm its priority of examination. There is no dispute that originally plaintiff had the right to priority of examination by reason of the fact that its notice had been served first (Dean v Hotel St. Moritz, 27 AD2d 514). However, appellants claim that the plaintiff lost its priority because of its procrastination during the period March through June, 1977. Appellants had admittedly been informed of plaintiff's decision to postpone the depositions until the prior protective order had been determined. By appellants' silence and inaction during the ensuing four months, they tacitly agreed to an adjournment of those examinations. Hence, the court at Special Term properly exercised its discretion in finding that the plaintiff was still entitled to priority of examination. The affirmance of the order below is predicated on the expectation that the plaintiff will expeditiously complete its examination of the appellants by the end of January, 1978. Concur—Murphy, P. J., Birns, Silverman and Markewich, JJ.

■ REBECCA LIGHT, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—Order, Supreme Court, New York County, entered on October 12, 1977, granting defendant's motion to strike plaintiff's notice to produce for discovery and inspection, unanimously affirmed, without costs or disbursements and without prejudice to renewal in which there shall be particularized the documents sought. (See Rios v Donovan, 21 AD2d 409.) Concur—Murphy, P. J., Birns, Silverman and Markewich, JJ.