OPINION OF THE COURT
Bentley Kassal, J.
FACTS
This is the second application for discovery and inspection. The first notice was stricken because the demand called for a wide range of broadly described items and the court then ruled in October, 1977: "Plaintiffs motion for discovery and inspection of a superabundance of materials from various defendants to these actions is denied without prejudice to a renewal thereof after service of notices of Discovery and Inspection specifying 'with reasonable particularity’ the items sought from the respective defendants served (CPLR 3102-b and 3120). Failure to comply with such notice can then form the basis of a motion for specific relief.”
Thereafter, plaintiffs attorneys — a very experienced litigation firm — served the instant notice for discovery and inspection, dated January 10, 1978. Even a brief examination of that notice reveals that it is also grossly improper. Not only are the items still very broad and general but there is another problem confronting this court in that there is no breakdown as to which of the parties are being requested to produce the respective items.
ISSUE
If the identical notice for discovery and inspection is served on multiple parties, with different positions, without any specification therein as to which parties are to produce which items, is such notice improper because of that lack of identification?
DECISION
CPLR 3120 expressly provides that the production of "any speciñcally designated documents or any things which are in possession, custody or control of the party served, specified with reasonable particularity in the notice” (italics added).
Simply stated, each party served is entitled to a specific statement of what items in its possession it must produce, so that it need not make unnecessary motions to vacate or fail to *210 comply at its peril. Equally important, a specific demand individually directed to a party is a prerequisite for the court to determine the propriety of the items sought.
In this notice, some of the items are described as having been created by or in the possession of one or another of the parties but most items contain no such specification. It is impossible for the court to determine to whom these demands are directed and a party should not, at its peril, have to decide whether a demand or notice applies to it. This, therefore, in and of itself, is a violation of the express requirements of CPLR 3120 and renders the notice defective and nugatory because of this lack of specificity.
There is another objection to this notice, which cannot be overlooked, namely, the general, broad and "blunderbuss” approach. This is best illustrated by item 15 which calls for "Any and all other documents or materials which may be relevant to this law suit which are in the possession of the defendant Daily News”. While other items are not as glaringly broad, many are tainted by telltale introductory language such as "Any and all correspondence, records memorandum”.
As stated by the Appellate Division of this Department in the landmark case of Rios v Donovan (21 AD2d 409, 413): "CPLR 3120 permits the discovery of specified papers and documents, and its hallmark is a specific designation in the notice * * * To prevent the service of conventionalized ' "blunderbuss” ’ notices, the rule requires 'specifically designated’ documents ' "specified with reasonable particularity in the notice” ’ ”.
For all of the above reasons, the motion to compel compliance with the notices for discovery and inspection is denied and the cross motions for a protective order are granted to the extent of vacating in toto the notices without prejudice to service of proper notices specifically designating the items sought with reasonable particularity and addressed to the party claimed to have the possession, custody or control of the item.