CITY OF NEW YORK, Appellant, v M. PAUL FRIEDBERG AND
ASSOCIATES et al., Respondents.

First Department, May 16, 1978

## APPEARANCES OF COUNSEL

*Ronald E. Sternberg* of counsel (*L. Kevin Sheridan* with him on the brief; *Allen G. Schwartz, Corporation Counsel*), for appellant.

*Alan Kolod* of counsel (*Joseph L. Forstadt* with him on the brief; *Stroock & Stroock & Lavan,* attorneys), for respondents.

## OPINION OF THE COURT

FEIN, J.

Plaintiff, City of New York, appeals from an order which denied its motion for a protective order, vacating a notice for discovery and inspection served by defendants for production of reports, transcripts, recordings, interviews, correspondence and all documents pertaining to an investigation conducted by plaintiff's Department of Investigation relating to the planning, financing, design and construction of Seton Park in Riverdale, Bronx, New York.

The action is brought to recover damages allegedly resulting from the negligence of defendants, who had been retained to prepare plans, specifications and cost estimates for the construction of Seton Park. Defendants, in the main, deny any responsibility for supervising construction of the project, contending that their involvement terminated upon commencement of construction. It appears that, during construction, a cost overrun occurred which led to an additional appropriation by the city council to facilitate completion of the park. Subsequently, an investigation was commenced by the Department of Investigation to ascertain whether the cost overrun would warrant criminal prosecution. The notice to produce served herein seeks disclosure of the department's investigatory files and records.

Following service of the notice, plaintiff moved for a protective order pursuant to CPLR 3122 to vacate the discovery notice in its entirety, alleging: (1) the documents and information sought were privileged from disclosure under the applicable provisions of the Freedom of Information Act (Public Officers Law, § 87) and the "common law privilege" covering "official information" as applied to the confidential records of the Department of Investigation; and (2) the discovery notice was overly broad and lacked required specificity, in failing to identify the documents to be produced with reasonable particularity. In this latter connection, plaintiff relied upon the

clear, established law which requires that a party first ascertain, by means of examination or otherwise, whether there are identifiable documents in existence, and then serve a proper notice to discover specifically identifiable documents. Special Term rejected both arguments, holding "the disclosure requested by the defendants has been sufficiently defined and an examination before trial would not contribute substantially to a more accurate identification of the material sought to be examined."

■ The order of Special Term and its finding as to the sufficiency of the notice disregard the principles laid down in *Rios v Donovan* (21 AD2d 409). In *Rios,* this court distinguished between disclosure by discovery and inspection sought pursuant to CPLR 3120 from the limited discovery available under CPLR 3111 and observed that the hallmark of discovery permitted by CPLR 3120 "is a specific designation in the notice." *(Rios v Donovan, supra,* p 413.) CPLR 3120 authorizes the service of a notice to produce and permit discovery of "specifically designated documents * * * specified with reasonable particularity in the notice". In adherence to the clear direction in the rule, this court held in *Rios* (p 414) that "proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated." (See, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3120:4, pp 518-519.)

The fact that *Rios* concerned the production of statements of witnesses is neither dispositive nor controlling. The principle has general application and requires that a discovery notice properly designate the documents and records to be produced with required specificity. Time and again, when confronted with a discovery notice which failed specifically to designate the records and documents to be produced, this court has vacated such notice as palpably improper, relegating the party to the appropriate deposition procedure in advance of discovery announced in *Rios. (Wood v Sardi's Rest. Corp.,* 47 AD2d 870, 871.) Very recently in *King v Morris* (57 AD2d 530) this court again observed, also in reliance upon *Rios,* that "lacking knowledge of the existence of specific documents, the party seeking discovery and inspection pursuant to CPLR 3120, should initially make proper use of the deposition and

related procedures provided for in the CPLR in order to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice." No reason appears why we should now erode the *Rios* doctrine by sustaining as sufficient a notice to produce which so palpably lacks any semblance of reasonable specificity or particularity.

■ Even a cursory examination of the subject notice plainly establishes that it is insufficient and improper. Item 1 seeks production of: "All reports prepared by or on behalf of the Department of Investigation of the City of New York relating to any aspect of the planning, financing, design or construction of Seton Park". Item 2 requests, "Transcripts and recordings of all testimony taken by and all interviews conducted by the Department of Investigation in connection with any investigation". Item 3 is even more broad and general, demanding: "All other documents, letters, correspondence, books, ledgers, papers, reports, studies, memoranda, notes, telegrams, teletypes, photographs, mechanical or electronic sound or video recordings, maps, charts, agreements or other writings whatsoever in the City's possession or under the City's control, relating to any investigation or report of the Department of Investigation".

■ ■ We cannot conceive of a notice framed in broader, more general or less specific terms. It is patent that defendants' notice seeks an improper wholesale fishing expedition of the files and records of the Department of Investigation. We have in the past held that attempts to designate documents by use of the alternate phrases, "All", "All other" or "Any and all", renders a request or notice for production under CPLR 3120 "palpably improper", even where the moving party failed to make timely application for a protective order. *(Wood v Sardi's Rest. Corp., supra; Rios v Donovan, supra.)*

■ The shot-gun approach to disclosure employed by defendants has elsewhere been frequently condemned. In *Pacer v Hackett* (30 AD2d 934) the Appellate Division, Fourth Department, reversed as improper, overly broad and lacking in required specificity, a direction by Special Term that appellant there "produce the entire investigation file in its possession or control." Although the notice here is not couched in those precise words, it nevertheless has the same effect. Completely lacking in the required specificity, the notice is essentially a request for the entire investigatory files and records of the

Department of Investigation. The notice was improperly sustained by Special Term.

In this posture, it is inappropriate for this court at this time and on this record, to pass upon the issues with respect to privilege raised by the city. That the city as plaintiff bases its lawsuit on information garnered in an investigation by its Commissioner of Investigation may very well preclude it from reliance upon the broad based claim of privilege it now asserts. Its bland, broad and sweeping assertion of privilege may very well not withstand analysis when applied to particular items. For the most part, the city as litigant, particularly as a plaintiff, stands on no better footing than other litigants. However, its privilege can only be tested when asserted to prevent disclosure of specific material. Here we have a shotgun notice and a blanket claim of privilege. Neither is tenable. Proper practice requires that examinations be conducted to ascertain the existence of identifiable documents. Following completion of such depositions, defendants, if so advised, may serve a proper notice of discovery and inspection, identifying with sufficient particularity the documents sought. At that time, as well stated in *Rios v Donovan (supra,* p 414): "The right to discover and inspect such documents can then be intelligently adjudicated."

Accordingly, the order, Supreme Court, New York County (HUGHES, J.), entered January 27, 1977, should be reversed, on the law, without costs, the motion for a protective order granted and the notice to produce, heretofore served by defendants, vacated, without prejudice to defendants' right to proceed in appropriate manner by the service of a proper notice of discovery, identifying the specific documents to be produced with reasonable particularity, after the conduct of necessary examinations before trial to ascertain the existence of identifiable documents.

MURPHY, P. J., LANE, SANDLER and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on January 27, 1977, unanimously reversed, on the law, without costs and without disbursements, the motion for a protective order granted and the notice to produce, heretofore served by defendants, vacated, without prejudice to defendants' right to proceed in appropriate manner by service of a proper notice of discovery, identifying the specific documents to be produced with reasonable particularity, after the conduct of necessary

examinations before trial to ascertain the existence of identifiable documents.