ABBERLEY KOOIMAN MARCELLINO & CLAY, Appellant, v T. CLYDE SMITH, Respondent.—Order, Supreme Court, New York County, entered July 28, 1977, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, defendant's cross motion for summary judgment denied, the complaint reinstated and plaintiff's motion for further discovery granted to the extent that defendant shall furnish proper and sufficient answers to the interrogatories propounded by plaintiff and production of documents requested therein within 60 days after entry of the order on this appeal. That branch of the motion for production of documents pursuant to plaintiff's notice for discovery and inspection is denied and the notice to produce heretofore served by plaintiff vacated, without prejudice to plaintiff's right to proceed in appropriate manner by the service of a proper notice of discovery, identifying the specific documents to be produced with reasonable particularity after the conduct of necessary examinations before trial to ascertain the existence of identifiable documents. (See *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *King v Morris,* 57 AD2d 530; *Wood v Sardi's Rest. Corp.,* 47 AD2d 870; *Rios v Donovan,* 21 AD2d 409.) Our review of the record sufficiently demonstrates the existence of genuine triable issues as to preclude summary relief. Defendant admittedly retained plaintiff law firm to represent him in trust proceedings pending in the Surrogate's Court. The retainer called for a

contingent fee of "15% of the amount [defendant is] entitled to in the Todd accounting proceeding, but not less than $10,000, plus disbursements." Defendant agreed to the retainer on condition that the fee not exceed $25,000, which was acceptable to plaintiff. In July, 1975, plaintiff tendered a bill for $25,000 plus disbursements in the sum of $1,189. Two months later, in September, 1975, plaintiff wrote to request payment of the bill. Defendant responded on September 26, 1975 that he was in the process of obtaining a second mortgage and that when he had done so, he would pay plaintiff. Plaintiff twice more requested payment, defendant advising on November 6, 1975 that he was refinancing his home and that plaintiff would receive a check before the end of the month. Subsequently, on December 28, 1975, defendant wrote to plaintiff criticizing the services performed and the manner by which the fee was computed. With that letter defendant enclosed a check payable to plaintiff in the sum of $7,000, indorsed "PAYMENT IN FULL FOR LEGAL SERVICES" on the face of the check and "Payment in Full" on the reverse side thereof. Plaintiff negotiated the check by depositing it with its bank on January 6, 1976. Eight days later, on January 14, 1976, plaintiff wrote to defendant advising him that it would not accept the $7,000 as payment in full. Special Term granted defendant's cross motion for summary judgment dismissing the complaint, finding that defendant's letter which accompanied the $7,000 check established a dispute between the parties and that plaintiff's acceptance and deposit of the check was sufficient to constitute an accord and satisfaction. Although we are in agreement that the letter contests the propriety of the fee claimed by plaintiff, a factual issue exists as to the effect of the prior correspondence, wherein defendant did not object to the bill and implied that its payment would be forthcoming. To the contrary, defendant testified at his examination before trial that he had paid plaintiff about $1,000 some time before that letter and that he objected to the bill shortly after it had been received by him. In addition, determination of the exact fee due plaintiff must await the trier of the facts. The retainer provided for a fee of 15% of the amount defendant is "entitled to in the Todd accounting proceeding." The extent of the retainer, however, remains to be developed, including whether plaintiff's fee may properly extend to the continuing trust, to which defendant objects in his December 28, 1975 letter. The amount of the fee depends upon a determination as to what defendant was entitled to receive under the trusts which were the subject of the accounting proceedings in the Surrogate's Court. Disposition of this issue may not be made solely on the record before Special Term. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.