■ JILL MILLER, Respondent, v NEIL MILLER, Appellant.—Order, Supreme Court, New York County, entered March 12, 1979, modified to grant the motion for a protective order, on the law and in the exercise of discretion, without prejudice to an appropriately limited notice or motion for discovery, without costs, and otherwise affirmed. Even, as modified, by Special Term in respect of time covered and documents to be produced, the notice of examination remains so broad as to constitute a "fishing expedition". This disposition is without prejudice to a notice pursuant to CPLR 3120 or by notice under CPLR 3111, calling for documents obviously connected with the legitimate subject matter of the examination (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3111.10). It would be appropriate if plaintiff is without such requisite knowledge of documents as to be able to describe them properly, to proceed initially by appropriate deposition to secure the necessary information, as described in *Rios v Donovan* (21 AD2d 409, 414). Concur—Birns, J. P., Sandler, Sullivan, Lane and Markewich, JJ.

■ In the Matter of ZELDA DORFMAN, Respondent, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered November 9, 1977, which in a CPLR article 78 proceeding granted petitioner's application to vacate a determination of the Commissioner, Department of Rent and Housing Maintenance, denying the landlord maximum base rent increases for 1976-1977, unanimously reversed, on the law, without costs, the petition denied, and the determination confirmed. Special Term erred in vacating the determination of the Commissioner, Department of Rent and Housing Maintenance, denying the landlord maximum base rent increases for 1976-1977. The commissioner's determination was based on a finding that the landlord had failed to correct 80% of the violations recorded against the premises as of January 1, 1975. (See Administrative Code of City of New York, § Y51-5.0, subd h, par [6].) This finding was fully supported by the record and in no sense arbitrary or capricious. Concur—Sandler, J. P., Bloom, Lane, Markewich and Ross, JJ.