■ TEAMSTERS LOCAL 237, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, WELFARE FUND, et al., Appellants-Respondents, v TRANS WORLD LIFE INSURANCE COMPANY OF NEW YORK et al., Appellants-Respondents; NEW YORK STATE COMMISSION OF INVESTIGATION, Respondent, and NEW YORK STATE INSURANCE DEPARTMENT et al., Appellants. — Order, Supreme Court, New York County (Williams, J.), entered November 17, 1981, which granted the motion and cross motions seeking an order authorizing subpoenae duces tecum as to New York State Department of Insurance and the office of New York City Comptroller and which granted said motions as to the New York Commission of Investigation insofar as documents which have been made public and directed disclosure of nonpublic information at the discretion of the Commission of Investigation, unanimously reversed, on the law, without costs; the subpoenae duces tecum served by the moving and cross moving parties are vacated, with leave to serve new and appropriate subpoenae. The subpoenae duces tecum are framed in general, not specific terms, and seek an improper wholesale fishing expedition of the files and records of the three nonparty witnesses. This shotgun approach to disclosure is improper, overly broad and lacking in required specificity. Special Term's order in its finding as to the sufficiency of the subpoenae disregards the principles laid down in *Rios v Donovan* (21 AD2d 409). The principle set forth in *Rios* has "general application and requires that a discovery notice properly designate the documents and records to be produced with required specificity. Time and again, when confronted with a discovery notice which failed specifically to designate the records and documents to be produced, this court has vacated such notice as palpably improper, relegating the party to the appropriate deposition procedure in advance of discovery announced in *Rios*. (*Wood v Sardi's Rest. Corp.*, 47 AD2d 870, 871.)" (*City of New York v Friedberg & Assoc.*, 62 AD2d 407, 409.) It is inappropriate at this time and on this record to pass upon the issues raised with respect to privilege.

Such issues can be resolved when privilege is asserted by the nonparty witnesses, or any of them, to prevent disclosure of *specific* material. Neither a shotgun approach to disclosure nor a blanket claim of privilege is tenable (see *City of New York v Friedberg & Assoc., supra*). The motion of nonparty respondent New York State Commission of Investigation for an order striking certain alleged misstatements of fact contained in plaintiffs' reply brief and making the movant's papers on the motion part of the record (Motion No. 1482, March 30, 1982) is denied, without costs. Concur — Sandler, J. P., Lupiano, Bloom and Fein, JJ.