■ ERWIN L. KLINEMAN, Appellant, v BANKERS TRUST COMPANY, Respondent and Third-Party Plaintiff-Appellant. CLARENCE RAINESS & Co. et al., Third-Party Defendants-Respondents. WILLIAM J. KLINEMAN et al., as Executors of EMERY E. KLINEMAN, Deceased, Appellants, v BANKERS TRUST COMPANY, Respondent and Third-Party Plaintiff-Appellant. CLARENCE RAINESS & Co. et al., Third-Party Defendants-Respondents. — Judgments, Supreme Court, New York County (Marks, J.), entered on September 15, 1981, unanimously affirmed and defendant-respondent Bankers Trust Company shall recover of plaintiffs-appellants one bill of $75 costs and disbursements of these appeals. Plaintiffs-appellants' appeals from the orders entered on August 12, 1982 unanimously dismissed, without costs and without disbursements as having been subsumed in the appeals taken from the judgments; and the appeals taken by the third-party plaintiff-appellant from the aforesaid orders and judgments unanimously dismissed as academic, without costs and without disbursements. No opinion. Concur — Carro, J. P., Lupiano, Silverman, Fein and Milonas, JJ.

■ In the Matter of EARL A. RAWLINS, an Attorney. — Motion to confirm the referee's report granted as indicated in the order of this court. Concur — Murphy, P. J., Kupferman, Birns, Sandler and Fein, JJ.

# (July 22, 1982)

■ In the Matter of the Dissolution of GENE BARRY ONE HOUR PHOTO PROCESS, INC., Appellant. HAROLD TAINES, Respondent. — Order, Supreme Court, New York County (Tyler, J.), entered March 17, 1982, denying Photo Process' motion for a protective order striking the notice for discovery and inspection, reversed, on the law, the facts and in the exercise of discretion, and motion granted without prejudice to Taines' right to serve a new and proper notice after he has deposed Photo Process, with costs. Normally, a party should specifically identify relevant documents through disclosure before serving a notice for discovery and inspection. (Rios v Donovan, 21 AD2d 409, 414.) In this consolidated proceeding, the notice for discovery and inspection served by Harold Taines is drawn in overly broad terms. Taines should have first examined Gene Barry One Hour Photo Process, Inc. (Photo Process) to ascertain those documents pertinent to this proceeding. We note that, at present, the portion of the consolidated proceeding for a judicial dissolution of Photo Process has been stayed. Therefore, the deposition should be limited only to Taines' action to recover upon a debt. Accordingly, Photo Process' motion for a protective order striking the notice for discovery and inspection is granted without prejudice to Taines' right to serve a new and proper notice after he has deposed Photo Process by a person with knowledge of the facts. Concur — Murphy, P. J., Carro, Markewich, Lupiano and Bloom, JJ.