■ RAISLER CORPORATION, Respondent, et al., Plaintiffs, v 101 PARK AVENUE ASSOCIATES et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (McCooe, J.), entered February 10, 1984, which denied the motion by defendants 101 Park Avenue Associates, Kalikow 101 Park Ave. Realty Corp. and Kalikow Construction Corp. for a protective order striking demands 2, 4 and 12 of plaintiff's notice for discovery, inspection and copying of documents, and which granted plaintiff's cross motion for an order compelling the production of documents pursuant to the terms of the notice, is reversed, on the law and facts and in the exercise of discretion, the motion by defendants for a protective order striking demands 2, 4 and 12 of the notice is granted, and the cross motion by plaintiff is denied, with costs and disbursements payable to defendants-appellants by plaintiff-respondent. ¶ Defendants-appellants are the owner and builder of 101 Park Avenue, a 48-story office building. Plaintiff-respondent was the heating, ventilation and air-conditioning contractor with respect to the construction of the building. Plaintiff commenced this construction contract action to recover $3,000,000 allegedly due for work performed and materials supplied in connection with

the project. Plaintiff claims that defendants breached the construction contract by interfering with and delaying plaintiff's performance of its work, causing plaintiff to incur damages. It is alleged, *inter alia,* that defendants failed to have precedent work by other contractors performed in due time; failed to coordinate the work of various trade contractors, by employing defective plans, by making unreasonable and late changes in the work (including that of other contractors), thereby impeding plaintiff's performance; and failed to make decisions on matters affecting the work in a reasonable and timely manner. ¶ Defendants have counterclaimed for $2,000,000 in damages allegedly incurred by reason of plaintiff's improper and inadequate performance. They contend that plaintiff did not follow contract specifications and failed to remedy its installation of nonconforming fan coil valves throughout the project. Defendants allege that they terminated plaintiff's contract for these reasons. ¶ On December 20, 1983, plaintiff served a notice of discovery, inspection and copying of documents. The notice contains 14 demands. Defendants apparently complied with all but three demands, producing five transfiles of documents. They did not, however, comply with demands 2, 4 and 12, which demand the following: ¶ "2. Correspondence between or among any of the defendants and any or all of their trade contractors, or HRH Construction Corp., Cosentini Associates, Nico Construction Corp., or Attia & Perkins * * * ¶ "4. Memoranda or other writings exchanged between defendants or between any agent, employee or representative of any defendant to any other agent, employee or representative of that defendant * * * ¶ "12. Records delivered to or received from Valcon Construction Consultants, Inc. with respect to the building loan agreement or building loan mortgage with Chase Manhattan Bank, N.A." ¶ Instead, defendants moved for a protective order striking or modifying these demands. Plaintiff cross-moved to compel disclosure. Special Term denied the motion and granted the cross motion. This was erroneous. ¶ Demands 2 and 4 are clearly overbroad and burdensome. Plaintiff asserts that the documents sought are pertinent to its claims of delay, interference, failure to coordinate or get the work of other trades completed in a timely fashion. Although some of the correspondence between and among defendants and their trade contractors and some of the internal memoranda of defendants may be relevant, all such correspondence and memoranda for the entire project cannot possibly be relevant to plaintiff's causes of action. Plaintiff worked on the heating, ventilation and air-conditioning systems, and only for a specified period of time. Obviously, therefore, the work of only certain trades would lay the foundation for, or interference with, plaintiff's work. Defendants state, and plaintiff does not deny, that they responded to the 11 other document demands. A review of these reveals that they include much of the information plaintiff asserts it seeks in demands 2 and 4. For example, demand 1 calls for construction progress records and daily logs prepared by HRH Construction Corp.; demand 3 seeks job meeting minutes; demand 5, planned progress bar charts prepared by HRH Construction Corp.; demand 7, progress photographs; demand 9, records relating to change order work performed by plaintiff; demand 11, purchase orders and work records with respect to another contractor, Triangle Sheet Metal Works, Inc., with respect to work performed for defendants. ¶ In view of defendants' good faith in complying with the notice and the failure of plaintiff to specify documents with reasonable particularity as required by CPLR 3120, demands 2 and 4 should have been vacated by Special Term as overbroad and burdensome. The same is true for demand 12, which broadly asks for all records delivered to or received from Valcon Construction Consultants, Inc. with respect to the building loan agreement or building loan mortgage with Chase Manhattan. As with demands 2 and 4, all such records cannot be relevant to plaintiff's claims. Although plaintiff asserts that the

records are monthly appraisals of the value and progress of the building construction, it is apparent that the records demanded would encompass more than such appraisals. ¶ As noted by defendants, depositions have not yet been completed. Plaintiff will therefore have an opportunity to further ascertain what documents will be useful and renew its notice designating such documents with specificity pursuant to CPLR 3120 (see *City of New York v Friedberg & Assoc.,* 62 AD2d 407). Concur — Sandler, J. P., Carro, Asch, Silverman and Fein, JJ.