■ BEV-PAK, INC., Appellant, v BROOKE BOND FOODS, INC., Respondent.—Casey, J. Appeal from that part of an order of the Supreme Court at Special Term (Torraca, J.), entered June 11, 1984 in Schenectady County, which granted defendant's motion for a protective order.

On or about October 14, 1980, plaintiff, a bottler of beverages, and defendant, the owner of the trademark "Red Rose" dealing in tea and tea products, entered into a franchising agreement whereby defendant licensed plaintiff to use its trademark in the bottling and selling of canned ice tea. This agreement was terminated upon the mutual consent of the parties, on or about September 29, 1982. By letter bearing that date, defendant stated that it would "assist" plaintiff "as far as [i]t can" in liquidating plaintiff's inventory of extract kits and finished products. Contending that this letter establishes a contractual obligation on the part of defendant to assist plaintiff in liquidating its entire inventory, plaintiff is seeking damages in excess of $25,000 for the alleged breach of its claimed agreement. In the course of its discovery, plaintiff sought a copy of a franchise agreement that defendant had with one of plaintiff's competitors, Click Corporation. In order to establish its cause of action, plaintiff further sought whatever corporate minutes and internal memoranda defendant might have relative to the replacement of plaintiff with the Click Corporation.

Plaintiff has failed to demonstrate the relevancy of its first demand. We agree with the determination of Special Term so finding and affirm its order in that respect.

As to the corporate minutes, internal memoranda and correspondence of defendant relating to the termination of its franchise agreement with plaintiff, it is significant that both parties concede that the agreement was terminated by mutual consent. Plaintiff's suit is based on the alleged breach of an additional agreement requiring defendant to assist plaintiff in liquidating all inventory remaining in plaintiff's possession.

Since it cannot be determined from the record whether the requested documents exist and, if so, whether they are relevant to plaintiff's action, Special Term properly granted defendant's motion for a protective order. In these circumstances, the proper procedure requires that plaintiff ascertain by means of an examination or otherwise whether relevant documents exist, and then to serve a notice to discover specifically identified documents (see, Rios v Donovan, 21 AD2d 409, 414). Accordingly, the order should be modified to permit such a procedure.

Order modified, on the law and the facts, without costs, by adding to the last decretal paragraph thereof a provision authorizing plaintiff to renew its request if and when it obtains additional information sufficient to ascertain the existence and identity of relevant documents, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.