■ NEW YORK YANKEES, Respondent, v ARTHUR ADLER et al., Appellants, et al., Defendant.—Order, Supreme Court, Bronx

County (Bertram Katz, J.), entered December 29, 1988, which, *inter alia,* granted plaintiff's motion for a protective order vacating defendants' notice to produce, unanimously affirmed, with costs and disbursements.

This action basically involves the parties' dispute as to the proceeds due each of them from their contractual arrangements involving the sale of advertising and signage (advertising space on signs) at Yankee Stadium. As a counterclaim, defendants allege that plaintiff, the New York Yankees, and its alleged alter ego, Trans-Marine Management Corporation, owe them fees for unpaid salaries and commissions.

Defendants served plaintiff with a notice to produce, which contained 39 separate requests and sought a variety of documentation. Eleven days later plaintiff moved for a protective order on the basis that the discovery request was overly broad and burdensome, which was granted. We affirm.

The one-day delay in moving for a protective order *(see,* CPLR 3122) may be excused. The delay was insignificant and there is no showing that defendants have, in any way, been prejudiced.

It is clear that defendants' notice to produce was overly broad and of a blunderbuss nature and that the court was correct in striking it with leave to serve a new request in a more particularized form. *(See, Rios v Donovan,* 21 AD2d 409.) This determination is, of course, without prejudice to defendants' right to request specifically designated document production during the course of deposition—taking as an aid to and in conjunction therewith. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.