OPINION OF THE COURT
Joseph E. Capella, J.
*656 The respondent is a permanent hotel tenant whose apartment is subject to the Rent Stabilization Code (RSC). The parties’ initial one-year lease expired December 31, 2002, and there have been no lease renewals. The petitioner alleges in its “30 Day Notice of Termination” that the respondent does not occupy the subject hotel apartment as his primary residence. By notice of motion dated August 3, 2005, the petitioner seeks both discovery and use and occupancy (u&o). In opposition, .the respondent cross-moves for summary judgment and dismissal due to the petitioner’s alleged failure to serve a termination notice (also known as Golub notice) at least 90 and not more than 150 days prior to the expiration of the lease term.
A permanent hotel tenant is an individual who has continuously resided in the same hotel accommodation as his/her primary residence for a period of at least six months. (RSC [9 NYCRR] § 2520.6 [j].) Despite this classification, an owner may commence a proceeding to recover possession upon expiration of the existing lease term, if any, where the hotel accommodation is not occupied by the tenant as his/her primary residence (§ 2524.4 [c]), or where the apartment is sought for the owner’s use (§ 2524.4 [a]). An owner must first give the tenant 30 days’ notice of intent to commence a nonprimary residence proceeding. (§ 2524.4 [c].) The 30-day notice may be combined with the notice requirement of section 2524.2 (c) (2), which calls for service of a Golub notice “at least 90 and not more than 150 days prior to the expiration of the lease term,” (Emphasis added.) The purpose of a Golub notice is to apprise the tenant of the owner’s intent not to renew the lease and the specific reason (i.e., owner use or nonprimary) for same. (Scherer, Residential Landlord-Tenant Law in New York § 8:280 [2005].) As already noted, however, in the instant proceeding there is no current renewal lease to delineate the exact expiration date of the tenancy. Although a rent-stabilized tenant is typically entitled to a renewal lease at the expiration of the lease term (§ 2522.5 [b]), this does not appear to be true for a permanent hotel tenant. According to section 2522.5 (a) (2), a hotel occupant who obtains “a lease becomes a permanent tenant but the lease need not be renewed.” (Emphasis added.) The aforementioned nonrenewal language is further supported by the fact that hotel tenants are specifically excluded from section 2522.5 (b) of the RSC, which is the section that addresses renewal leases. Despite the fact that the parties herein at one time had a written lease agreement, there is currently no written renewal lease, nor does it appear that the petitioner was obligated to provide the respon *657 dent with same. Under these facts it would appear that requiring the petitioner to serve a Golub notice where there is no written renewal lease with a concrete expiration date for the tenancy (§ 2524.2 [c] [2]) is impractical.
A comparison of the statutory requirements for a Golub notice in a nonprimary residence proceeding versus one for owner use appears to indicate a legislative intent of not requiring said notice in a nonprimary proceeding where there is no current lease. For instance, where a landlord seeks to commence an owner use holdover proceeding against a permanent hotel tenant, service of a Golub notice must be made at least 90 but not more than 150 days prior to the expiration of the lease term, or where there is no lease, at least 90 but not more than 150 days prior to commencement. (§ 2524.2 [c] [3].) In a nonprimary residence holdover proceeding, however, the RSC only requires service of a Golub notice “at least 90 and not more than 150 days prior to the expiration of the lease term” (§ 2524.2 [c] [2]), and unlike the owner use case, it does not require and/or allow for service upon a “hotel . . . tenant without a lease, at least 90 and not more than 150 days prior to the commencement of a court proceeding.” (§ 2524.2 [c] [3].) If in fact a permanent hotel tenant is not entitled to a renewal lease, and the lack of one essentially creates a permanent month-to-month tenancy (Cambridge Dev., LLC v McCarthy, 2003 NY Slip Op 51433[U] [Civ Ct, Hous Part, NY County 2003]), then why require a Golub notice in an owner use case and not one for nonprimary residence. Although it is unclear from the RSC whether this omission was intentional or an oversight, these sections of the RSC (i.e., §§ 2524.4, 2524.2) were last amended in 2000, and there has been at least one known published decision which dispensed with the need for a Golub notice. (Cambridge Dev., LLC v McCarthy, 2003 NY Slip Op 51433[U], supra.) Moreover, the failure of the RSC to require and/or allow for service of a Golub notice upon a hotel tenant without a lease, at least 90 and not more than 150 days prior to the commencement of a nonprimary residence holdover proceeding, must be accepted as an indication that its exclusion was intentional. (Pajak v Pajak, 56 NY2d 394 [1982].) Without an exact expiration date that a current written renewal lease would provide, or statutory language permitting service 90 and not more than 150 days prior to the commencement of a court proceeding, this court finds that the petitioner was under no obligation to serve a Golub notice upon the respondent before commencing the instant nonprimary res *658 idence holdover proceeding. Therefore, the respondent’s cross motion for dismissal is denied.
The court now turns to the petitioner’s motion for discovery and u&o. According to the petitioner, the respondent has not been seen at the subject premises, and receives mail, maintains a utility account and is registered to vote at 42-17 Gleane Street, Elmhurst, New York. Given this, and the presumption in favor of discovery in nonprimary residence holdover proceedings, the court is satisfied that the petitioner has demonstrated more than sufficient ample need for discovery. (New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].) However, with regard to that portion of the petitioner’s proposed notice to produce which seeks rent bills, leases and property records for any residence (notice of motion, exhibit B, ¶ 39), the respondent may exclude those rent bills, leases and records that pertain to the subject premises, which the petitioner should already have. The petitioner’s proposed notice to produce also seeks “[a]ny documents not requested above that [respondent intends to offer into evidence at a trial on this matter.” (Notice of motion, exhibit B, ¶ 51.) This request does not sufficiently specify the items sought with reasonable particularity, and as the burden of specificity is on the petitioner (Mendelowitz v Xerox Corp., 169 AD2d 300 [1st Dept 1991]), said request is stricken. If the petitioner lacks knowledge of the existence of specific documents, then it should make use of a deposition and/or related procedures as provided for in the CPLR so as to ascertain the existence of such documents in order that they may be designated with specificity in a notice to produce. (City of New York v Friedberg & Assoc., 62 AD2d 407 [1st Dept 1978].) The monthly u&o is set at the last legal rental amount, and the respondent is directed to pay without prejudice all unpaid u&o which may have accrued from the commencement of this proceeding within five days after service of a copy of this order with notice of entry. The respondent is further directed to pay without prejudice the ongoing monthly u&o on or before, the tenth day of each month during the pendency of this proceeding. Based on the aforementioned, the petitioner’s motion for discovery* and u&o is granted, the respondent’s cross motion is denied, and the proceeding is marked off the calendar pending discovery.

 The account number(s), dollar amount(s) and Social Security number(s) appearing on any bank, credit card or similar statements may be redacted.