| Xiu Hua Li v City of New York |
|---|
| 2025 NY Slip Op 32071(U) |
| June 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153630/2016 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARIEL D. CHESLER**              PART              62M

*Justice*

-----------------------------------------------------------------------------X

XIU HUA LI,

| | |
|---|---|
| INDEX NO. | 153630/2016 |
| MOTION DATE | 12/13/2024 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF PARKS & RECREATION

Defendant.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                    DISCOVERY                    .

Upon the foregoing documents, it is

In this proceeding, plaintiff moves for an Order pursuant to CPLR 3101 and 3124 compelling defendants the City of New York and New York City Department of Parks and Recreation (collectively, "the City") to provide the documents demanded in plaintiff's Demand for Discovery and Inspection dated March 22, 2024. The defendants opposed the motion and plaintiff replied.

**Procedural History**

This is an action to recover for personal injuries allegedly sustained by plaintiff on April 27, 2015, when walking on the pedestrian walkway directly in front of Sara D. Roosevelt Park across from 78 Forsyth Street where plaintiff allegedly tripped and fell due to a "tire trench" in the pedestrian walkway. On or about April 29, 2016, plaintiff served a Summons and Complaint. On or about July 15, 2016, plaintiff filed a Preliminary Conference Request. On August 1, 2016, a Case Scheduling Order ("CSO") was entered by the Court and required the City to exchange

**153630/2016  LI, XIU HUA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 1 of 5**

two-years of certain City records prior to and including the date of incident (see NYSCEF Doc. 5).

On or about October 25, 2016, September 12, 2018, and May 18, 2020, the City exchanged responses pursuant to the Case Scheduling Order containing a search of Department of Parks & Recreations and Department of Transportation records two-years prior to and including the date of plaintiff's alleged incident.

On or about March 22, 2024, the plaintiff filed a Demand for Discovery and Inspection for the following:

1) All records of any type whatsoever for repairs to the roadway in front of 78 Forsyth Street, New York NY and for two hundred feet in each direction on or prior to April 27, 2015.

2) All inspection, maintenance, and repair records of any type whatsoever for the roadway in front of 78 Forsyth Street, New York NY and for two hundred feet in each direction from April 1, 2009, through April 27, 2015, to the extent not previously provided.

3) All Notice of Claims received by the defendants, or any subdivision thereof or their attorneys regarding any incident involving a claimed defect to the roadway in front of 78 Forsyth Street, New York NY and for two hundred feet in each direction on or prior to April 27, 2015.

4) All Pleadings received by the defendants, or any subdivision thereof or their attorneys regarding any incident involving a claimed defect to the roadway in front of 78 Forsyth Street, New York, NY and for two hundred feet in either direction on or prior to April 27, 2015.

**153630/2016   LI, XIU HUA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 2 of 5**

2 of 5

The City responded to plaintiff's demand on May 8, 2024 (see NYSCEF Doc. 33). In response, the City objected to every one of plaintiff's demands to the extent that they purport to impose obligations on the City other than those imposed or authorized by the CSO, the information requested is not "material and necessary" to the defense or prosecution of an action as set forth in CPLR 3101(a) and 3120, and are unduly burdensome and vague. In turn, plaintiff was granted leave to file a motion to compel for discovery by an Order signed by Justice Sweeting on October 17, 2024, and plaintiff then filed this instant motion to compel.

**Discussion**

In support of the instant motion, plaintiff argues that the motion should be granted because defendants neither objected to the discovery demands nor made a motion for a protective order within the time required by law. In addition, plaintiff argues that all the discovery demands are relevant, within the scope of discovery, and material and necessary to the prosecution of this action as they would show prior written notice of the alleged defect. Plaintiff asserts that a search beyond the two-year period allotted from the CSO is warranted for discovery to determine when the ground was repaved.

In opposition, the City argues the plaintiff has not met their burden of showing that the sought discovery is material or necessary to the prosecution or defense of this action. The City also argues that plaintiff's demands are unduly burdensome and vague. Furthermore, the City asserts that plaintiff failed to show that a search beyond the two-year period parameter set by the CSO is relevant, material, or necessary because photographs through Google Maps and Street View reveal that the subject condition formed within the two-year period of plaintiff's accident, thus, if the City had notice of the defect it would be included in the standard two-year search (see NYSCEF Doc. 67).

**153630/2016   LI, XIU HUA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 3 of 5**

3 of 5

Under CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Furthermore, "'[t]he words, 'material and necessary', are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.'" *Forman v. Henkin*, 30 NY3d 656, 661 (2018) *quoting*, *Allen v. Crowell-Collier Pub. Co.*, 21 NY2d 403, 406 (1968).

CPLR 3120 provides: "[a]fter commencement of an action, any party may serve on any other party a notice or on any other person a subpoena duces tecum to produce and permit the party seeking discovery…to inspect, copy, test or photograph any designated documents or any things which are in possession, custody or control of the party or person served." "To prevent the service of conventionalized 'blunderbuss' notices, the rule requires 'specifically designated' documents 'specified with reasonable particularity in the notice'" (Rios *v. Donovan,* 21 AD2d 409, 413 [1st Dept 1964] [internal citations omitted]). "To help reduce fishing expeditions, the documents and other things to be examined must be specifically identified" (*id.*). "Attempts to designate documents by use of the alternate phrases, 'All,' 'All other,' 'Any and all,' renders a request or notice for production under CPLR 3120 'palpably improper,' even where the moving party failed to make a timely application for a protective order" (*City of New York v. M. Paul Friedberg & Assocs.*, 62 AD2d 407, 410 (1st Dept 1978)."(P)roper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated" (Rios *v. Donovan,* 21 AD2d at 414).

**153630/2016  LI, XIU HUA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 5**

In the instant case, plaintiff's demands are "palpably improper" (*Miller v. Columbia Recs.*, 70 AD2d 517, 518 [1st Dept 1979]).

Accordingly, it is hereby

**ORDERED**, that plaintiff's motion pursuant to CPLR § 3101, and §3124 compelling defendants to provide the documents demanded in plaintiff's Demand for Discovery and Inspection dated March 22, 2024, is denied.

This constitutes the decision and order of the court.

20250611170700ACHESLER6CFD1F60D2594521A600EBCC1A3E9793

__6/11/2025__
DATE

ARIEL D. CHESLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153630/2016   LI, XIU HUA vs. CITY OF NEW YORK**
**Motion No.  002**

Page 5 of 5

[* 5]