■ ROBERT CIEMBRONIEWICZ, JR., Appellant, v MADIGAN MEMORIAL HOSPITAL, Also Known as HOULTON REGIONAL HOSPITAL, et al., Respondents. —Appeal from an order of the Supreme Court at Special Term, entered November 30, 1978 in Schenectady County, which denied plaintiff's application for a protective order. Plaintiff in this action seeks money damages for personal injuries allegedly caused by defendants' medical malpractice and negligence. After an examination before trial was scheduled, but before it was conducted, defendant hospital served a discovery notice on plaintiff which demanded, among other things, the following: "2) Copies of any and all reports in the possession of plaintiff or plaintiff's counsel of physicians who have treated, examined, or been consulted by or with plaintiff with

respect to the injuries mentioned and described in plaintiff's complaint and bill of particulars. 3) Medical authorizations properly executed and notarized by plaintiff authorizing the defendant * * * or its attorneys * * * to examine and copy the office records, x-rays, notes, or reports of any and all physicians who have treated, examined, or been consulted by or with plaintiff with respect to the injuries mentioned and described in plaintiff's complaint and bill of particulars." Plaintiff moved for a protective order to strike these items from the discovery notice, claiming that the notice was overly broad and ambiguous and the sought after materials were attorney's work product, prepared for litigation, and not in the custody and control of the plaintiff. Special Term denied plaintiff's motion in its entirety and this appeal ensued. It is clear that the discovery notice here is so broad and general as to make it impossible to determine whether the items sought are excluded from disclosure under CPLR 3101. Both CPLR 3120 and 3121, the two provisions which served as the basis for defendant's discovery notice, require specificity when requesting the disclosure of materials. This requirement of specificity is not met by use of the phrase "any and all" (*City of New York v Friedberg & Assoc.*, 62 AD2d 407; *Verini v Bochetto,* 49 AD2d 752). Defendant should use the examination before trial and other disclosure devices to identify the specific documents it wishes to discover (*King v Morris,* 57 AD2d 530; *Rios v Donovan,* 21 AD2d 409). Accordingly, Special Term's order denying plaintiff's motion for a protective order should be reversed without prejudice to defendant's right to serve a proper notice of discovery in the future. Order reversed, on the law, and motion for a protective order with respect to Items Nos. 2 and 3 of defendant's notice for discovery and inspection granted, without costs, and without prejudice to defendant's right to serve a proper, further demand. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.