■ In the Matter of AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Appellant. SALESIAN SOCIETY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered April 7, 1981 in Ulster County, which denied petitioner's motion for a protective order vacating certain demands set forth in respondent's notice to take deposition, except as to Demand No. 19 therein which was vacated. The only issue to be decided in the underlying proceeding is the valuation of the property awarded to petitioner through condemnation. This valuation depends on whether petitioner acted in good faith and with color or authority when it occupied respondent's land, without the benefit of legal proceedings, and constructed a microwave telecommunication facility thereon. If it acted without good faith and color of authority, the facility it erected on the land as a trespasser belongs to respondent (*Village of St. Johnsville v Smith*, 184 NY 341). Respondent seeks discovery of some 29 items, specified in a notice served pursuant to CPLR 3101 (subd [a]), which it claims are needed to properly develop the valuation issue for trial. Petitioner has moved for a protective order to vacate several of those items under CPLR 3103 (subd [a]). Special Term denied petitioner the relief requested except as to Demand No. 19 which it found was far too broad. The order should be affirmed. Special Term properly acted within its discretion in permitting discovery of all but one of the items requested. The pretrial disclosure provisions of the CPLR are to be liberally construed and applied (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403). CPLR 3101 (subd [a]) provides: "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The test of what information is "material and necessary" within the meaning of this subdivision "is one of usefulness and reason" (*Allen v Crowell-Collier Pub. Co., supra,* p 406). Discovery is to be allowed if the information sought " 'is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' " (pp 406-407). The object of the valuation process is to see that the condemnee receives just compensation. It appears that the information allowed by the order at Special Term will be useful in accomplishing that objective and, therefore, at this stage of the proceedings, respondent is entitled to obtain it. However, as usual, at trial, the rulings of the court will determine the admissibility of the evidence. We further note that petitioner raises no complaint of hardship in producing the material in question. Respondent states in its brief, and petitioner does not deny, that the same material has already been furnished to respondent in a companion action pursuant to RPAPL article 15. Order affirmed, with costs. Mikoll, Weiss and Herlihy, JJ., concur.

Main, J. P., and Yesawich, Jr., J., concur in the following memorandum by Main, J. P. Main, J. P. (concurring). We concur in the result only. We cannot conclude, as does the majority, that all of the information sought is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable. We concur in the result only because the same material has already been furnished to respondent in a companion action.