■ MARILYN BIKOWICZ et al., Respondents, v NEDCO PHARMACY, INC., et al., Defendants, and STERLING DRUG, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered June 22, 1983 in Schenectady County, which granted plaintiffs' motion compelling compliance with a notice of discovery and inspection and denied a cross motion by defendants Sterling Drug, Inc. and Winthrop Laboratories, Inc. for partial summary judgment. ¶ The underlying action is for damages for medical malpractice, negligence in the filling of certain prescriptions by pharmacists, and for negligence, breach of a duty to warn and strict liability in the manufacture and marketing of the drug Talwin by defendants Sterling Drug, Inc. and Winthrop Laboratories, Inc. The issues to be resolved on this appeal are narrow and limited. First, we must review whether the order directing discovery and inspection directed at the corporate defendants was overbroad, and second, whether the cause of action for punitive damages against those defendants should be dismissed. ¶ We are in agreement, generally, with Special Term's conclusion that the items demanded by plaintiffs are specific in nature and particularized sufficiently following the examinations before trial of representatives of the corporate defendants. Since, in our view, those items are material to the issues pleaded, they are discoverable (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403; *Matter of American Tel. & Tel. Co. v Salesian Soc.*, 85 AD2d 816; *Goldberg v Blue Cross*, 81 AD2d 995, 996; *Ciembroniewicz v Madigan Mem. Hosp.*, 72 AD2d 653, 654). Accordingly, such items as brochures relating to the drug in question, letters of general information to the medical profession, advertisements, instructions to sales personnel, reports of investigations, research and testing, together with related documents, should be produced within the terms set forth in the order appealed from. However, we view as irrelevant the demand for the total number of oral or injectionable doses of the drug sold, both nationally and internationally (*Vancek v International Dynetics Corp.*, 78 AD2d 842), and find the request for copies of new drug applications, including supplemental applications, to be overbroad (*Ciembroniewicz v Madigan Mem. Hosp., supra*). ¶ As to the claim for punitive damages, we are of the view that the evidence presented to date does not support a claim for punitive damages, since it does not present a picture of the required wanton and reckless disregard of plaintiffs' rights or morally culpable conduct (*Bunker v Bunker*, 73 AD2d 530; *Le Mistral, Inc. v Columbia Broadcasting System*, 61 AD2d 491, app dsmd 46 NY2d 940). However, since punitive damages may be allowed in cases such as this where there is a showing of high moral culpability (*Roginsky v Richardson-Merrell, Inc.*, 378 F2d 832, 843), and material and relevant evidence discoverable is not yet before the court, it would be premature to dismiss the claim for punitive damages at this time. Special Term thus correctly denied the cross motion for partial summary judgment. ¶ Order modified, on the law, by reversing so much thereof as required discovery of items Nos. 10 and 15, and, as so modified, affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.