■ GRACIE I. WASHINGTON, Appellant, v COMMUNITY HEALTH PLAN, Respondent. [633 NYS2d 224] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered December 6, 1994 in Albany County, which, *inter alia*, granted defendant's cross motion to dismiss plaintiff's claim for punitive damages.

In this medical malpractice action, plaintiff is seeking damages occasioned by the death of her spouse, Nathanial Washington. Decedent was 43 years old and the father of three children when he sought treatment at defendant's health care facility on September 19, 1992, complaining of a burning sensation in his penis and frequent urination.

Physician assistant Michael Stempek examined decedent and diagnosed him as suffering from a yeast infection. Stempek ordered a urinalysis, the subsequent results of which disclosed that decedent, a diabetic, was suffering from hypoglycemia.

The urinalysis test results had been received but not yet

read by defendant's personnel when decedent returned to the facility on September 22, 1992, complaining that his condition had worsened and that he was, in addition, suffering from a sore throat. Although decedent's chart had not arrived from the medical records department, physician assistant Daniel Weist nevertheless examined and treated decedent on this date without the benefit of either reading the results of decedent's urinalysis or reviewing decedent's medical history. Weist prescribed antibiotics and sent decedent home. Within 24 hours, decedent had died of acute diabetes.

This action, to recover for decedent's conscious pain and suffering and for wrongful death, seeking both compensatory and punitive damages, followed. In response to pretrial motions, Supreme Court granted defendant leave to amend its answer to include an admission of liability and dismissed plaintiff's claim for punitive damages. In addition, Supreme Court granted plaintiff's motion to depose Stempek and Weist, but directed that such depositions be limited to the issue of damages.

The order from which plaintiff appeals is affirmed. Punitive damages are recoverable where the conduct in question evidences either "a wrongful motive on the defendant's part, willful or intentional misdoing, or a reckless indifference" (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d 1000), amounting to "conscious disregard of the rights of others" (*Welch v Mr. Christmas, Inc.*, 57 NY2d 143, 150; *see, Sweeney v McCormick*, 159 AD2d 832, 834). While the allegations against defendant's employees are indeed serious, a review of the record discloses no evidence of conduct justifying an award of punitive damages (*see, Ross v Community Gen. Hosp.*, 150 AD2d 838, 842). Notably, there is no indication that the treatment provided by defendant's employees was grossly inappropriate given their actual knowledge of decedent's condition (*compare, Graham v Columbia-Presbyterian Med. Ctr.*, 185 AD2d 753, 755-756). Lastly, given defendant's admission of liability, Supreme Court cannot be faulted for limiting the depositions of Stempek and Weist to the issue of damages.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.