■ Iris Lewis, Respondent, v Al DiDonna et al., Appellants. [743 NYS2d 186] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 17, 2001 in Ulster County, which, inter alia, denied defendants' motion for partial summary judgment dismissing the claim for punitive damages.

In November 1997, plaintiff brought her dog of nine years to a veterinarian and was given a prescription for an anti-inflammation drug, Feldene, to treat the dog's condition. The prescription was filled at defendant Eckerd Drug Store of Stone Ridge[1] by defendant Al DiDonna, a licensed pharmacist. The label on the prescription bottle directed that the Feldene was to be administered "1 pill twice daily." Plaintiff's dog became ill and tests on the dog revealed that it had suffered renal damage due to Feldene toxicity. Plaintiff then discovered that the Feldene prescription written by the veterinarian called for one pill every other day and that the prescription bottle had been mislabeled. After her dog died, the autopsy revealed that the Feldene was a probable cause of death.

Plaintiff commenced this action against defendants asserting several causes of action and seeking punitive damages. After joinder of issue, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's causes of action sounding in consumer fraud and loss of companionship for failure to state a cause of action and for summary judgment dismissing her claim for punitive damages. Plaintiff cross-moved to compel discovery and for dismissal of several of defendants' affirmative defenses. Supreme Court refused to dismiss the consumer fraud cause of action, denied defendants summary judgment dismissing the punitive damages claim, and dismissed plaintiff's cause of action for loss of companionship, but stated that "[p]laintiff shall, however, be allowed to introduce proof of loss of companionship

---

1. Defendants Eckerd Corporation and J.C. Penney Company, Inc. are the corporation and parent corporation which own and operate numerous Eckerd pharmacy stores, including Eckerd Drug Store of Stone Ridge.

at the time of trial with respect to the issue of damages."[2] Defendants appeal.

Generally, after issue is joined, the appropriate procedural tool for accelerated judgment is a motion for summary judgment (see, *Kavoukian v Kaletta*, 294 AD2d 646, 647). Where a motion pursuant to CPLR 3211 (a) is made postanswer, a court may notify the parties that the motion will be accorded summary judgment status (see, CPLR 3211 [c]). Additionally, where the parties chart a summary judgment course (see, *Mihlovan v Grozavu*, 72 NY2d 506, 508) and lay bare their proof, the court may treat a CPLR 3211 (a) motion as one for summary judgment. On this record, however, there is no basis to treat defendants' dismissal motion directed to plaintiff's consumer fraud cause of action as one for summary judgment, and the motion must be denied since plaintiff's allegations fit within a cognizable cause of action (see, CPLR 3211 [e]; *Ferran v Belawa*, 241 AD2d 841, 842; *Sand v Chapin*, 238 AD2d 862, 863; *see also, Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26) and are not "inherently incredible or flatly contradicted by documentary evidence" (*Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936).

Turning to the portion of defendants' motion addressed to the claim for punitive damages, denominated a motion for partial summary judgment and treated as such by Supreme Court, defendants present no evidence and merely challenge the legal sufficiency of the allegations of the complaint. We will therefore treat the motion as one seeking dismissal of the prayer for punitive damages based on the failure of the complaint to state a claim therefor (see, e.g., *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614). Viewed as such, we conclude that the allegations of the verified complaint, as supplemented by the affidavit in opposition to defendants' motion, sufficiently allege defendants' wanton and reckless disregard of plaintiff's rights to withstand the dismissal motion (see, *Bikowicz v Nedco Pharm.*, 100 AD2d 702, 702; *see also, Walker v Sheldon*, 10 NY2d 401, 404-405). Following the completion of discovery, defendants may move for summary judgment on the issue of punitive damages or any other remaining cause of action, should they be so advised.

Finally, while plaintiff does not appeal the dismissal of her

2. Supreme Court's decision and order also partially granted plaintiff's cross motion by directing discovery and dismissing defendants' affirmative defenses asserting lack of jurisdiction and frivolous conduct.

cause of action for loss of companionship stemming from the death of her pet, defendants appeal from that portion of Supreme Court's order which held that "[p]laintiff shall, however, be allowed to introduce proof of loss of companionship at the time of trial with respect to the issue of damages," arguing that it would be improper to permit plaintiff to introduce such proof at trial. Pets are recognized as personal property (*see, Mullaly v People*, 86 NY 365) and damages for the loss of a pet are limited to the value of the pet at the time it died (*see, e.g., Melton v South Shore U-Drive*, 32 AD2d 950, 951), which are ordinarily proven by establishing the market value of the pet, if it has one, or, if there is no market value, by such factors which tend to fairly show its value (*see*, 36 NY Jur 2d, Damages §§ 81, 83). However, since loss of companionship is not a cognizable cause of action in this state, it should not be recognized as a factor of damages, and Supreme Court erred in allowing plaintiff the opportunity to present such proof, whatever that may be, at the time of trial.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as permitted plaintiff to introduce at trial proof of loss of companionship with respect to the issue of damages; and, as so modified, affirmed.