WILLIAM F. BROOKING, SR., Individually and as Executor of THERESA A. BROOKING, Appellant, v JOSEPH M. POLITO et al., Respondents, et al., Defendants. [791 NYS2d 686]—

Peters, J. Appeal from an order of the Supreme Court (Benza, J.), entered May 7, 2004 in Albany County, which granted a motion by defendants Joseph M. Polito and Albany Gastroenterology Consultants to dismiss the fourth cause of action.

In this medical malpractice action, plaintiff, on behalf of decedent, seeks to recover both compensatory and punitive damages against defendants Joseph M. Polito and Albany Gastroenterology Consultants (hereinafter collectively referred to as defendants) for their failure to, among other things, timely diagnose her cancerous condition; she died in February 2004 from metastic pancreatic cancer. In this motion seeking partial dis-

---

missal of the complaint, defendants successfully obtained the dismissal of plaintiff's fourth cause of action against them seeking the imposition of punitive damages.

The order from which plaintiff appeals is affirmed. In a medical malpractice action, punitive damages are only recoverable where the conduct in question shows "a wrongful motive on the defendant's part, willful or intentional misdoing, or a reckless indifference equivalent to willful or intentional misdoing" (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d 1000, 1000 [1987]; *see McDougald v Garber*, 73 NY2d 246, 254 [1989]; *Washington v Community Health Plan*, 220 AD2d 972, 973 [1995]; *see also Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]; *Luby v St. John's Episcopal Hosp.*, 220 AD2d 390, 390 [1995]; *Spinosa v Weinstein*, 168 AD2d 32, 42-43 [1991]; *Ross v Community Gen. Hosp. of Sullivan County*, 150 AD2d 838, 842 [1989]). While the conduct alleged against defendants is indeed significant, it is undisputed that since the commencement of care in November 2002, they performed various tests on decedent, which included blood tests, CAT scans, an MRI and ultrasound, analyzed those tests and recommended treatment accordingly. Even viewing plaintiff's allegations as true, none of them amounted to a " 'conscious disregard of the rights of others' " (*Washington v Community Health Plan, supra* at 973, quoting *Welch v Mr. Christmas*, 57 NY2d 143, 150 [1982]) such that a "wrongful motive . . . willful or intentional misdoing, or a reckless indifference" (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr., supra* at 1000) could be discerned.

Accordingly, plaintiff's claim for punitive damages against defendants was properly stricken.

Crew III, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.