■ DEBRA L. MARSH, as Executor of LESLIE E. MARSHALL, Deceased, and as Representative of the Beneficiaries of the Estate of LESLIE E. MARSHALL, Deceased, Appellant, v ARNOT OGDEN MEDICAL CENTER et al., Respondents, et al., Defendant. [937 NYS2d 383]—

Garry, J.

In the context of medical malpractice, punitive damages may be recovered when a defendant's conduct evinces " 'a reckless indifference equivalent to willful or intentional misdoing' " (*Brooking v Polito*, 16 AD3d 898, 899 [2005], quoting *Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d 1000, 1000 [1987] [citation omitted]), or a "wanton and reckless disregard of [a] plaintiff's rights" (*Lewis v DiDonna*, 294 AD2d 799, 800 [2002]; *see Bikowicz v Nedco Pharmacy*, 100 AD2d 702 [1984]). A showing of malice or wrongful intent is not required.

As to Abderhalden-Friend, the complaint alleges that, despite her knowledge of the medication error, decedent's medical condition and the particular risks posed to him by the inappropriate medication, she did not come to the hospital to examine decedent, but thereafter directed AOMC staff by telephone to discontinue monitoring his glucose level until the next morning, without ordering any other actions to monitor his condition in the interim. In plaintiff's view, Abderhalden-Friend abandoned decedent when he was in need of emergency treatment, thereby justifying punitive damages (*compare Graham v Columbia Presbyt. Med. Ctr.*, 185 AD2d 753, 755-756 [1992]). If these claims are proven, it is possible that her conduct may be found to have been "grossly inappropriate given [her] actual knowledge of decedent's condition" (*Washington v Community Health Plan*, 220 AD2d 972, 973 [1995]). Thus, viewing the allegations in the light most favorable to plaintiff, we find the stated claim to be legally sufficient to overcome the motion to dismiss (*see Lewis v DiDonna*, 294 AD2d at 800).

As to the motion for partial summary judgment by Doe and AOMC, the necessary inquiry is whether there are factual issues in controversy. "Only if it can be said, as a matter of law, that punitive damages are unavailable to a plaintiff in a medical malpractice action is a summary determination in favor of [a] defendant warranted on this issue" (*Graham v Columbia Presbyt. Med. Ctr.*, 185 AD2d at 756). Plaintiff alleges that, just before Doe administered the medication to decedent, his daughter specifically warned that decedent was not a diabetic and did not use insulin, and Doe nonetheless injected the medication without ascertaining decedent's identity and confirming that a physician had ordered the medication for this patient. Decedent's medical records and autopsy report were submitted upon

this motion. These documents confirm that Doe administered the medication and that this error caused his death; Doe's answer denies that she was warned, but plaintiff's allegations stand otherwise unrefuted within the record. We find that there are factual issues presented as to whether Doe's conduct in administering the medication despite the alleged admonition by the daughter "transcend[ed] mere carelessness" and demonstrated the requisite reckless indifference to decedent's medical care to justify a punitive damages award (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d at 1001; *see Brooking v Polito*, 16 AD3d at 899).

Further, plaintiff alleges—and the medical records confirm—that decedent's medical chart at AOMC was not updated to reflect Doe's mistaken administration of medicine until four months after his death. Willful failure to disclose pertinent medical information may be sufficient to support punitive damages when undertaken to evade a malpractice claim (*see Abraham v Kosinski*, 251 AD2d 967, 968 [1998]); no explanation of the delay has yet been offered by Doe or AOMC, and no pretrial discovery has taken place. Dismissal of a punitive damages claim is "premature where, as here, the party opposing the motion has not had an adequate opportunity to conduct discovery into issues within the knowledge of the moving party" (*Colombini v Westchester County Healthcare Corp.*, 24 AD3d 712, 715 [2005]).

Finally, the record reveals that the federal Department of Health and Human Services conducted a medication error review after the incident and determined that Doe was responsible not only for the mistaken administration of medication that caused decedent's death, but also for another error two months earlier in which she mistakenly placed ear drops in a patient's eye. The Department found that AOMC had no methodology in place to identify patterns of repeated medication errors by specific staff members, had not discussed trends for medication errors at quarterly quality assurance meetings, and had thereby failed to ensure that its "residents [were] free of any significant medication errors" as required by 10 NYCRR 415.12 (m) (2). A medical facility's failure to provide appropriate safety precautions and training may constitute a basis for a punitive damages award if shown to constitute conscious disregard for patient safety (*compare Colombini v Westchester County Healthcare Corp.*, 24 AD3d at 715). Accordingly, plaintiff has established that there are triable issues of fact as to whether Doe and AOMC may be found liable for punitive damages, and their motion for partial summary judgment should have been denied.

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.