| Majewski v Rojas |
|:---:|
| 2025 NY Slip Op 33560(U) |
| September 30, 2025 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2023002874 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York on
June 6, 2025.

PRESENT:    HON. EUGENE D. FAUGHNAN
                 Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

DANIELLE MAJEWSKI,

                 Plaintiff,                          DECISION AND ORDER

        vs.                                 Index No. EFCA2023002874

WALTER ROJAS, M.D., VINCENT MONTONE, M.D.,
KEVIN D. GOODMAN, M.D., SUNNY KUMAR, M.D.,
PARK AVENUE ASSOCIATES IN RADIOLOGY, P.C.,
UNITED HEALTH SERVICES HOSPITALS, INC.
a/k/a UNITED HEALTH SERVICES, INC.,
UHS WILSON MEDICAL CENTER and
UHS BINGHAMTON GENERAL HOSPITAL,
                       Defendants.

---

APPEARANCES:

Counsel for Plaintiff:                  KRAMER & POLLACK, LLP
                                    BY: Larry Kramer, Esq.,
                                    25 Roslyn Road
                                    Mineola, NY 11501

Counsel for Walter Rojas, M.D.,      O'CONNOR FIRST
Kevin D. Goodman, M.D., Sunny Kumar,  BY: Carol Poles, Esq.
M.D., United Health Services           20 Corporate Woods Blvd.
Hospitals, Inc., UHS Wilson Medical    Albany, NY 12211
Center, and UHS Binghamton General
Hospital:

Counsel for Vincent Montone, M.D.,    NAPIERSKI, VANDENBURGH, NAPIERSKI &
and Park Avenue Associates in         O'CONNOR, LLP
Radiology:                            BY: Eugene D. Napierski, Esq.
                                    296 Washington Avenue Ext Ste 3
                                    Albany, NY 12203

[* 1]

## EUGENE D. FAUGHNAN, J.S.C.

In this medical malpractice claim, Plaintiff Danielle Majewski has filed the current motion to amend her Complaint to assert claims against Walter Rojas, M.D. ("Dr. Rojas") and UHS Binghamton General Hospital ("Binghamton General") for gross negligence and punitive damages.[1] The motion has been opposed by those Defendants.[2] Oral argument was held and counsel for all parties were present. After due deliberation, this Decision and Order constitutes the determination of this Court.

## BACKGROUND FACTS

This claim arises out of Defendants' treatment of Plaintiff in September 2022 at Binghamton General for a condition of necrotizing fasciitis. Dr. Rojas treated plaintiff in Binghamton General's Emergency Department on September 10, 2022. Majewski was known to Dr. Rojas and other staff at Binghamton General because she works as a Registered Nurse at the Comprehensive Psychiatric Evaluation Program (CPEP) located at Binghamton General.

Plaintiff presented to the Emergency Department with complaints of pain in the buttocks and groin radiating down her left leg. Dr. Rojas testified that he suspected possible necrotizing fasciitis, a serious condition that can lead to loss of limb, or even death. Dr. Rojas ordered an ultrasound and CT scan. Based on the ultrasound, the patient was not suffering from deep vein thrombosis (DVT). Plaintiff was given vancomycin, fentanyl and Toradol for the pain, and she indicated that her pain was much improved after the Toradol. She was discharged on oral antibiotics and pain medication. The medical record for the Emergency Department visit on September 10, 2022 indicated a diagnosis of cellulitis of left lower extremity. Plaintiff subsequently returned to the Emergency Department the following day with worsening pain in the left lower leg and was seen by another provider. After further testing, she was found to have necrotizing fasciitis and taken to the operating room for surgery on the necrotic tissue in her left upper thigh. She was admitted to the hospital and ultimately discharged on September 22, 2022.

---

[1] The Court has considered all the papers filed in support and opposition to the motions, as well as all the other documents contained in the electronic case file.

[2] For purposes of this Decision and Order, "Defendants" will be used to denote Dr. Rojas and Binghamton General, unless otherwise specified

Plaintiff contends that the improper notation of cellulitis by Dr. Rojas impaired the subsequent medical providers' ability to accurately assess Plaintiff's condition and make informed and timely treatment decisions, causing them to repeat some of the testing to reach the diagnosis of necrotizing fasciitis, and delaying urgent treatment. Plaintiff alleges that had Dr. Rojas accurately documented necrotizing fasciitis in the September 10th records, the providers on September 11th would have known the correct diagnosis and started treatment sooner.

Plaintiff commenced this action on December 18, 2023 sounding in malpractice and asserting seventeen causes of action amongst the various defendants. Defendants all filed Verified Answers and Plaintiff served Verified Bill of Particulars on June 12, 2024. Depositions were conducted of Plaintiff on October 9, 2024, Dr. Rojas on January 30, 2025 and Dr. Montone on February 6, 2025. Other medical witnesses still have to be scheduled for depositions.

Plaintiff filed the instant motion to amend the Complaint on April 17, 2025. Plaintiff seeks to add claims for gross negligence and punitive damages, contending that deposition testimony shows Dr. Rojas intentionally entered an incorrect diagnosis of cellulitis when he clearly knew Plaintiff was suffering from necrotizing fasciitis and that such action jeopardized her health and treatment.

In his deposition, Dr. Rojas gave his explanation for the diagnosis discrepancy, stating that Plaintiff felt better after the Toradol injection and wanted to go home. Dr. Rojas also testified that he told Plaintiff he would have to complete a discharge Against Medical Advice, but Plaintiff was concerned that insurance would not cover the payment for the visit if that notation was made part of her record. Dr. Rojas also stated that he opted to give a diagnosis of cellulitis so that Plaintiff could be discharged and advised Plaintiff to return if the symptoms worsened. He believed that with Plaintiff's nursing experience, she would know to return to the hospital if symptoms recurred and/or worsened.

Relying on that testimony, Plaintiff has sought to amend her Complaint, alleging that this intentional falsification of the medical reports rises to the level of gross negligence justifying punitive damages. Plaintiff also alleges that Binghamton General may be liable for punitive damages based upon its the hiring and re-credentialing of Dr. Rojas, as well as vicarious liability. Defendants oppose the request for leave to amend the Complaint arguing that the proposed amendments are palpably insufficient and devoid of merit. Defendants argue that the actions of Dr. Rojas do not rise to the level of moral culpability, evil motivation or were sufficiently

3

[* 3]

reprehensible to warrant punitive damages; and further, that renewal of Dr. Rojas' hospital privileges was appropriate in that he has a medical license in New York and New Jersey and has worked for many years as an Emergency Room doctor.

## LEGAL DISCUSSION AND ANALYSIS

"Pursuant to CPLR 3025 (b), a party may amend its pleadings 'at any time by leave of [the] court,' which 'shall be freely given upon such terms as may be just.'" *NYAHSA Servs., Inc. Self-Ins. Trust v. People Care Inc.*, 156 AD3d 99, 102 (3rd Dept. 2017), *quoting Kimso Apts., LLC v. Gandhi*, 24 NY3d 403, 411 (2014); *Walden v. Varricchio*, 195 AD3d 1111 (3rd Dept. 2021). "When leave is sought to amend a pleading, 'the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit.'" *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445, 1446 (3rd Dept. 2018), *quoting Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d 1263, 1265-1266 (3rd Dept. 2018); *Passeri v. Brody*, 199 AD3d 1260, 1261 (3rd Dept. 2021); *Gulfstream Anesthesia Consultants, P.A. v. Cortland Regional Med. Ctr., Inc.*, 165 AD3d 1430 (3rd Dept. 2018); *NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc.*, 156 AD3d at 102. "Prejudice is more than the mere exposure of the party to greater liability … there must be some indication that the party has been hindered in the preparation of the party's case or has been prevented from taking some measure in support of its position. The burden of establishing prejudice is on the party opposing the amendment." *Kimso Apts., LLC v. Gandhi*, 24 NY3d at 411 (internal quotation marks, brackets, citations and end citations omitted); *Tardi v. Casler-Bladek*, 216 AD3d 1267 (3rd Dept. 2023); *Lilley v. Greene Cent. Sch. Dist.*, 187 AD3d 1384 (3rd Dept. 2020); *see, Verdi v. SP Irving Owner, LLC*, 227 AD3d 932 (2nd Dept. 2024); *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445. "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion." *Place v. Preferred Mut. Ins. Co.*, 190 AD3d 1208, 1212 (3rd Dept. 2021) (internal quotation marks and citations omitted); *Walden v. Varricchio*, 195 AD3d at 1112-1113; *Green Tree Servicing, LLC v. Feller*, 159 AD3d 1246 (3rd Dept. 2018); *Cowsert v.*

4

*Macy's E., Inc.*, 74 AD3d 1444 (3ʳᵈ Dept. 2010) *Gersten-Hillman Agency v. Heyman*, 68 AD3d 1284 (3ʳᵈ Dept. 2009).

In this case, Plaintiff's motion to amend the Complaint was made on April 17, 2025, approximately 16 months after the filing of the Summons and Verified Complaint, but before the filing of a Trial Note of Issue, and less than 3 months after the deposition of Dr. Rojas. There are also still more depositions that need to be conducted in this case.

"[A] court 'may consider how long the party seeking amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered.'" *Walden v. Varricchio*, 195 AD3d at 1113, *quoting Place v. Preferred Mut. Ins. Co.*, 190 AD3d at 1212. Even when there is a lengthy delay, that does not require denial of a motion to amend. Rather the rule is that "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine." *Edenwald Contracting Co. v. New York*, 60 NY2d 957, 959 (1983), *quoting* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477; *Pagan v. Quinn*, 51 AD3d 1299, 1300-1301 (3ʳᵈ Dept. 2008); *Clark v. MGM Textiles Indus.*, 18 AD3d 1006, 1006 (3ʳᵈ Dept. 2005).

The Court concludes that Plaintiff has provided a reasonable excuse for the delay, and that even if there was not a valid excuse, Defendant will not be prejudiced by the amendment. Both issues will be addressed.

Some of the facts giving rise to a claim of punitive damages did not come into full view until the deposition of Dr. Rojas. Plaintiff's moving papers rely heavily on the deposition testimony to support the claim for punitive damages, citing various excerpts from the testimony to establish that Dr. Rojas was aware of the inaccuracy of the diagnosis. "In the context of medical malpractice, punitive damages may be recovered when a defendant's conduct evinces 'a reckless indifference equivalent to willful or intentional misdoing' [*Brooking v. Polito*, 16 AD3d 898, 899 (3ʳᵈ Dept. 2005) [citation omitted] or a 'wanton and reckless disregard of [a] plaintiff's rights'" *Marsh v. Arnot-Ogden Med. Ctr.*, 91 AD3d 1070, 1071 (3ʳᵈ Dept. 2012), *quoting Lewis v. DiDonna*, 294 AD2d 799, 800 (3ʳᵈ Dept. 2002). It is not necessary to show that Defendant acted with malice or some other wrongful motivation. However, if it is proven that the doctor had actual knowledge of Plaintiff's condition, such that his conduct in failing to properly record it and inform Plaintiff could have been deemed grossly inappropriate, then punitive damages

5

[* 5]

may be appropriate. *Marsh v. Arnot Ogden Med. Ctr.*, 91 AD3d 1070. The testimony from Dr. Rojas is a key component of the Amended Complaint, and Plaintiff moved promptly after that testimony to amend the complaint. The Court finds that the Plaintiff has provided a reasonable excuse for the delay because the relevant information was not available until the doctor's testimony. Plaintiff then moved within 3 months to amend the Complaint. Thus, there has not been inordinate delay.

The next issue to be addressed is whether Defendants will suffer prejudice by permitting the proposed amendment. The burden is on Defendant to show prejudice (*Kimso Apts., LLC v. Gandhi*, 24 NY3d 403). Here, Defendants have not argued or offered any evidence as to prejudice and the Court does not discern any such prejudice.

In addition to the discussion above, in order to avoid a waste of judicial resources, a proposed amendment must also have some basic validity. For example, if a claim is utterly refuted by documentary evidence [*41 N. 73 W., Inc. v. Westair Aviation Servs., LLC*, 77 AD3d 707 (2nd Dept. 2010)] or is otherwise facially defective [*see e.g., Kalivia Food Corp. v. Hunts Point Coop. Mkt.*, 244 AD2d 460 (2nd Dept. 1997)], it would be pointless to permit an amendment. Similarly, if a proposed amendment would be barred by the statute of limitations, it is "palpably insufficient or patently devoid of merit." *Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d at 1266.

Defendants argue that the motion should be denied because the proposed amendment is without merit. However, the cases cited by Defendants pre-date the Third Department's pronouncement in *NYAHSA Servs., Inc. Self-Ins. Trust v. People Care Inc.*, 156 AD3d 99 that Plaintiff need not establish the merits of the proposed amendments. Rather, challenges to the sufficiency of the pleading can be made in a subsequent motion to dismiss the Amended Complaint, or for summary judgment. All that is required of the Plaintiff on a motion to amend is that the Amened Complaint not be utterly futile. Defendants argue that the actions of Dr. Rojas show his reasonable treatment, testing and diagnosis of the patient, and that his actions did not rise to the level of moral culpability or reprehensible conduct required for punitive damages. Defendants also provide an explanation that the doctor did not alter or change medical records to avoid malpractice liability, but rather, omitted certain information in the written record that may have caused the Plaintiff trouble in having insurance pay for the visit. Instead, he provided oral

6

instructions to this knowledgeable patient. That is a plausible explanation, but the Court cannot make that factual finding on this motion.

Plaintiff argues that the mis-documentation of the diagnosis in the records is a very serious omission, jeopardizing Plaintiff's health and treatment, showing a disregard and reckless indifference to her safety. The allegations, which already have some testimony support, could lead to a reasonable finding that Dr. Rojas acted intentionally, maliciously or with a reckless disregard when he chose to place an incorrect diagnosis in the medical records. There is at least a foundation for the Plaintiff's allegations that could give rise to a conclusion that the doctor's conduct manifested a disregard for procedure and safety such that it showed morally culpable behavior or was motivated by evil or malicious intent, or was otherwise reprehensible. Therefore, the Court concludes that the Amended Complaint is not palpably insufficient or patently devoid of merit as to the claims against Dr. Rojas.

Plaintiff also seeks to add a claim against Binghamton General for credentialling and re-credentialling Dr. Rojas for hospital (and Emergency Department) privileges. Plaintiff alleges that Dr. Rojas is not Board Certified in Emergency Medicine and that he was not qualified to treat patients in that setting. Further, the Plaintiff alleges that Binghamton General is vicariously liable for the intentional acts of an agent where the principal was aware that the agent was not fit for the task and retained the agent anyway.

Again, the Court is not assessing the potential success of the amendment on this motion, but is only gauging whether it is entirely meritless. Dr. Rojas testified that he did not receive an undergraduate degree and did not pass the United States Medical Licensing Exam until his third try, and that he is not Board Certified in Emergency Medicine. Plaintiff alleges that Binghamton General did not properly investigate and determine Dr. Rojas' qualifications as an Emergency Department physician, and that this failure showed Binghamton General's disregard of patients' well-being. Alternatively, Plaintiff contends that Binghamton General can be vicariously liable by virtue of retaining an unqualified physician in its Emergency Department. *Loughry v. Lincoln First Bank*, 67 NY2d 369 (1986). If Dr. Rojas is found to have acted in a manner that could give rise to punitive damages, Binghamton General might also be found to have participated in the offending conduct by allowing Dr. Rojas to perform physician services in its Emergency Department. On this record, including the evidence reflected in deposition testimony, the Court

7

concludes that Plaintiff has some articulable basis for the additional claims raised in the Amended Complaint such that they are not totally without merit.

## CONCLUSION

Leave to file an Amended Complaint is freely given unless there has been unreasonable delay or prejudice will result from the granting of leave. Here, the Plaintiff has shown that she has made the request in a timely manner following the testimony giving rise to the potential new causes of action and that Defendants have not shown any prejudice. Discovery is still ongoing and a Trial Note of Issue has not been filed. Furthermore, Plaintiff need not show the merits of the proposed amendments, and in this case the additional claims are not palpably insufficient or patently devoid of merit.

The parties' remaining arguments have been considered, and to the extent they are not specifically addressed herein, they are found to be unpersuasive.

Accordingly, it is hereby

ORDERED, Plaintiff's motion to file an Amended Complaint is GRANTED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:  September 30 , 2025
Binghamton, New York

HON. EUGENE D. FAUGHNAN
Supreme Court Justice

8

[* 8]